UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR 05 122S |
| | ) | |
| v. | ) | CR. No. ________________ |
| | ) | |
| JONATHAN NAKIELNY | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the United States and Defendant, Jonathan Nakielny have reached the following agreement:

1. Defendant will waive presentation of this matter to a grand jury and consent to the filing of an Information which charges that the defendant knowingly and willfully possessed more than ten images of child pornography, in violation 18 U.S.C. § 2252A(a)(5)(B) (Count I). Defendant will plead guilty to the Information..

2. In exchange for Defendant's plea of guilty:

a. The government will recommend that the Court impose a term of imprisonment within the guidelines range for the offense level determined by the Court under the United States Sentencing Guidelines (the "guidelines"), but not including probation or a "split-sentence," even if permitted under the guidelines. The government reserves the right to recommend any sentence up to and including the maximum statutory maximum sentence in the event that the Defendant seeks (1) a downward departure or (2) a sentence below the guidelines range determined by the Court.

b. For purposes of determining the offense level, the government agrees to recommend a 2-level reduction in the offense level for acceptance of responsibility under

§3E1.1(a) of the guidelines if Defendant continues to demonstrate his acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and the defendant enters his plea of guilty pursuant to this agreement, the government will move the sentencing court for an additional decrease of 1 level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby forcing the government to prepare for trial.

d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

e. The United States and Defendant stipulate and agree to the following facts:

i. The material involved a prepubescent minor, or a minor who had not attained the age of 12 years.

ii. The offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material.

iii. The offense involved 600 or more images.

3. The maximum statutory penalties for the offense to which Defendant is pleading are as follows:

Count I

i. At least ten years and up to twenty years imprisonment;

ii. A fine of up to $250,000;

iii. A term of supervised release of up to three years;

iv. A special assessment of $100.

4. Defendant agrees that, after he and his counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for Acceptance of Responsibility.

5. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against the defendant any statement that the defendant gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. He has the right to a jury trial;

d. He has the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and every other stage of the proceeding;

e. He has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f. Defendant waives these trial rights if the court accepts a plea of guilty.

6. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right

to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

7. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. Defendant also understands that, although the Court must consult the United States Sentencing Guidelines, the Court is not bound by them, and that even if the Court's guidelines calculation and ultimate sentence are different than Defendant expects, Defendant will not be allowed to withdraw his plea of guilty.

8. This agreement is binding on the government only if Defendant pleads guilty, fulfills all his obligations under the agreement, does not engage in any conduct constituting obstruction of justice under §3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if he violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw his guilty plea.

9. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

10. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced him to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

11. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement.

12. Defendant states that he has read the agreement or has had it read to him, has discussed it with counsel, understands it, and agrees to its provisions.

| | |
|---|---|
| JONATHAN NAKIELNY<br>Defendant | 13 OCTOBER 2005<br>Date |
| ROBERT CRAVEN<br>Counsel for Defendant | October 21, 2005<br>Date |
| ADI GOLDSTEIN<br>Assistant U.S. Attorney | October 24, 2005<br>Date |
| GERARD B. SULLIVAN<br>Assistant U.S. Attorney<br>Chief, Criminal Division | Oct. 24, 2005<br>Date |